CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 10 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH PIPELINE ACROSS PROPERTIES IN SHENANDOAH COUNTY, VIRGINIA, OWNED BY B.J. PROPERTIES NEW MARKET, LLC, JEROME IRICK, BEVERLY IRICK, AND UNKNOWN AND INTERESTED PARTIES,<br>    Defendants. | Case No. 5:07cv04009<br><br><br><br><u>MEMORANDUM OPINION</u><br><u>and ORDER</u><br><br><br>By: Samuel G. Wilson<br>United States District Court Judge |

    This is an action pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 - 717z, by Columbia Gas Transmission Corporation ("Columbia"), plaintiff, to condemn property owned by defendants Jerome and Beverly Irick and their wholly-owned company, B.J. Properties Newmarket, LLC, (collectively "the Iricks") for the construction and operation of an interstate pipeline. The Iricks voluntarily granted Columbia access to their property but reserved "any defenses" they had to the condemnation. The Iricks answered, filed their "grounds of defense," and objected, contending that Columbia does not have the right to condemn the easements it seeks, and complaining about the vagueness of the description of the property to be condemned and about Columbia's failure to negotiate before commencing the action. Later, the Iricks filed a pleading styled "motion to sustain defendants' objections and grounds of defense to amended complaint," a pleading Columbia maintains Federal Rule of Civil Procedure 71.1 does not allow. However, the court views the pleading as nothing more than amplification of Iricks' contention

that Columbia does not have the right to condemn the property it seeks, a contention the court does not procedurally deflect but rather rejects in all but one respect.

I

On November 1, 2005, the Federal Energy Regulatory Commission ("FERC") approved Columbia's application for a certificate of public convenience and necessity ("the certificate") for the construction, operation, and maintenance of a twenty-four-inch natural gas pipeline known as "Line WB-2-VA-Loop" extending more than thirty-three miles through various Virginia counties including Shenandoah County where it traverses, among other properties, two contiguous parcels belonging to the Iricks. Columbia Gas Transmission Corp., 113 FERC ¶ 61,118 (2005). The certificate specifically approved Columbia's proposal to install the "24-inch pipeline and appurtenances" on the condition that Columbia comply with "all applicable Commission regulations under the NGA."

Pursuant to 15 U.S.C. § 717f(h), Columbia filed a complaint in this court to condemn temporary and permanent easements across the Iricks' properties. The Iricks and their counsel signed a preliminary agreement to give Columbia access to those parts of their property necessary to construct the pipeline but reserved their objections. Columbia entered onto the Iricks' property, constructed the pipeline, and departed. On January 28, 2008, Columbia filed an amended complaint which clarified where it would condemn easements for its newly constructed pipeline.[1] The amended complaint included a detailed plat which indicated a permanent easement necessary for the operation and maintenance of the pipeline and a temporary easement

---

[1] After Columbia filed its complaint, this court severed Columbia's condemnation action into suits against each individual property owner. At that point, the present case became an action solely between Columbia and the Iricks.

2

necessary for the access from the highway to the site for construction activity.[2]

The Iricks responded to Columbia's amended complaint with six objections that Columbia's condemnation exceeds the authority conferred by the FERC certificate: (1) Columbia seeks the right to install "facilities" along with the pipeline which it did not identify in its condemnation action, (2) Columbia seeks to prevent grading the land over the pipeline, (3) Columbia seeks to prohibit the operation of heavy machinery over the pipeline, (4) Columbia seeks to transport liquids rather than solely gas through the pipeline, (5) Columbia seeks the right to replace the pipeline in the future, and (6) Columbia seeks the right to any future roads it deems necessary for the maintenance of the pipeline. Columbia maintains that these rights are within the scope of its certificate.

## II

Columbia argues that Rule 71A of the Federal Rules of Civil Procedure bars this court's consideration of the Iricks' present pleading. Rule 71A provides that a defendant with an objection or defense to the taking must file an answer within 20 days of the service of notice upon the defendant, and that "[n]o other pleading or motion asserting an additional objection or defense is allowed." Fed. R. Civ. P. 71A(e). Columbia argues, based on this rule, that the court cannot consider the Iricks' motion. However, nothing prohibits the court from allowing the Iricks to amend their answer and, because the Iricks' motion raises substantive objections to the amended complaint, the court will consider the Iricks' motion as one to amend the answer, which the court grants. The court will therefore consider the Iricks' contentions.

---

[2] The path of the pipeline through the Iricks' properties ends at U.S. Route 211. The temporary construction easement adjoined that road providing access to the site during construction.

3

# III

The Iricks object to six rights which Columbia seeks. The court finds that five of those rights fall within the scope of Columbia's certificate, and the court overrules the Iricks' objections to them. However, the court finds that the condemnation of unidentified future roads and routes and unidentified, unspecified means of ingress and egress to and from the Iricks' property exceeds the scope of Columbia's certificate, and the court sustains the Iricks' objection to the condemnation of them.

The NGA provides that FERC may grant the power of eminent domain to "natural gas companies" in order to build and maintain pipelines. 15 U.S.C. § 717f. FERC grants the power of eminent domain to natural gas companies by issuing a certificate which also circumscribes that power. A certificate holder lacks the authority to condemn any right which falls outside of the certificate's scope. Thus, the role of the district court in NGA eminent domain cases extends solely to examining the scope of the certificate and ordering the condemnation of property as authorized in that certificate.[3] Guardian Pipeline, LLC v. 295.49 Acres of Land, 2008 WL 1751358, *16 n.6 (E.D. Wis. 2008); Portland Natural Gas Transmission Sys. v. 4.83 Acres of Land, 26 F. Supp. 2d 332, 339 (D. N.H. 1998); Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth., 2 F. Supp. 2d 106, 110 (D. Mass 1998); Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less, in Providence County, R.I., 749 F. Supp. 427, 430 (D. R.I. 1990) ("The District Court's role is to evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate."); See also 15 U.S.C. § 717m(a) (regarding the power of FERC to

---

[3]The district court also convenes a jury to determine amount that property owners should be compensated for the condemned rights but that determination is solely the role of the jury.

4

investigate violations of any "rule, regulation, or order" under the NGA). The FERC certificate for the construction of a pipeline limits the certificate holder to condemning only rights that are necessary "to construct, operate, and maintain a pipeline or pipelines for the transportation of natural gas," 15 U.S.C. § 717f(h), and the certificate holder must include in its complaint "a description of the [condemned] property sufficient for its identification." Fed. R. Civ. P. 71(A)(c)(2). Where a certificate holder does not clearly identify what it seeks to condemn, the court cannot find that condemnation within the scope of the certificate. The question before this court is simply whether or not the rights Columbia seeks to condemn are consistent with its certificate. [4]

The Iricks object to Columbia's condemnation of a right-of-way for appurtenances such as "cathodic protection, hydrate removal systems, and data acquisition facilities" (Iricks' objection 1). The Iricks argue that, in order to construct these facilities, Columbia must obtain a separate certificate. The court disagrees. In exercising its rule making and regulatory authority under the NGA, FERC expressly excludes "auxiliary installations" from the definition of

---

[4] In a hearing on this motion, the Iricks raised vague objections to possible deficiencies in the process through which Columbia obtained its FERC certificate – deficient environmental assessments and rate assessments, among others. Any issues raised regarding compliance with FERC's conditions are, under the NGA, solely FERC's province. The district court's jurisdiction extends solely to examining the scope of the certificate and ordering condemnation of property as authorized in the certificate. Portland Natural Gas Transmission Sys. v. 4.83 Acres of Land, 26 F. Supp. 2d 332, 339 (D. N.H. 1998).
    Additionally, in a supplemental filing, the Iricks also argue that the condemnation action cannot proceed because Columbia did not negotiate in good faith before commencing the condemnation. However, nothing in the NGA or Rule 71A requires the condemnor to negotiate in good faith. All the NGA requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid. East Tenn. Natural Gas, LLC v. 3.62 Acres in Tazewell County, 2006 WL 1453937, at *10 (W.D. Va. May 18, 2006). Columbia has made such showings here and the court overrules the Iricks' objections.

5

"facilities" for which a separate certificate is required. Auxiliary installations include, "cathodic protection equipment," "dehydration equipment," and "electrical equipment" and other appurtenances. 18 C.F.R. § 2.55(a)(1). The court finds, therefore, that the appurtenant installations which Columbia references in its amended complaint are not separate facilities but rather are auxiliary installations within the scope of Columbia's certificate.

Columbia's certificate allows it to acquire, by eminent domain, "the necessary right-of-way to construct, operate, and maintain a pipeline . . . for the transportation of natural gas." 15 U.S.C. § 7171f(h). The Iricks, nevertheless, challenge Columbia's right to prohibit grading or the operation of heavy equipment above the pipeline, and they obect to Columbia's transporting "associated liquids" with the natural gas (Iricks' objections 2, 3, and 4). The argument is a complete nonstarter. "The holder of [an] easement is entitled to do what is reasonable necessary to enjoy the full rights established by the easement. The County of Patrick, Va. v. United States, 596 F.2d 1186, 1191 (4th Cir. 1979). Crediting the Iricks' myopic reading of Columbia's FERC certificate would endanger public safety and the efficient operation of the pipeline. Accordingly, the court rejects the Iricks' challenges.

The Iricks argue that the Columbia's FERC certificate does not expressly confer the right to "replace" the pipeline (Iricks' objection 5). However, the certificate gives Columbia the right to operate and maintain the pipeline and insofar as maintenance of the pipeline requires replacing some part of the pipeline, Columbia does not seek any right beyond those granted to it in its certificate.[5]

---

[5] This does not mean, however, that Columbia can extend or expand its pipeline under the guise of replacing it without obtaining a new certificate and initiating a new condemnation action. 15 U.S.C. § 717f(c)(1)(A); See also Williston Basin Interstate Pipeline Co. v. An

The Iricks object to Columbia's condemnation of a general and unspecified right to "future roads or reasonable routes" on the Iricks' property to access the pipeline (Iricks' objection 6). This condemnation falls outside the scope of Columbia's certificate which permits the condemnation of only those roads which Columbia explicitly identifies in its condemnation action and not anticipatory takings of future roads. Columbia Gas Transmission Corp., 113 FERC ¶ 61,118 (2005) (requiring Columbia to make a separate request to FERC for any new access roads); Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less, in Providence County, R.I., 749 F. Supp. 427, 430 (D. R.I. 1990) (holding that nothing in the NGA justifies anticipatory takings). Additionally, Columbia's complaint does not include "a description of the [condemned] property sufficient for its identification." Fed. R. Civ. P. 71(A)(c)(2); Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1099 (9th Cir. 2008) (holding that "a natural gas company may not condemn additional property that is not specifically described in its existing CPCN, even if the natural gas company seeks to acquire such property in order to operate and maintain an existing storage facility"). Columbia's references to future roads for access to the pipeline are anticipatory takings and are insufficient to satisfy Rule 71(A)(c)(2). Therefore, the condemnation falls outside the scope of Columbia's certificate.

## IV

In accordance with the above findings, the court overrules all of the Iricks' objections except for the objection to the condemnation of "future roads and reasonable routes," which the

---

Exclusive Gas Storage Leasehold and Easement in the Colverly Subterranean Geological Formation, 524 F.3d 1090 (9th Cir. 2008) (finding that extensions of a facility fall outside of the scope of a certificate for the operation of a pipeline).

7

court sustains.

It is so **ORDERED**.

**Enter:** This 9th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE